IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| GOLDMARK HOSPITALITY, LLC, a Texas Limited Liability Company; and DOES 1 through 20, | § § § § § | |
| Defendants. | § § | |

**PLAINTIFF CHOICE HOTELS INTERNATIONAL, INC.'S
ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its attorneys, Gordon & Rees LLP, and for its Complaint against Defendants Goldmark Hospitality, LLC and Does 1 through 20 (collectively "Defendants") does hereby allege as follows:

### THE PARTIES

1. Plaintiff Choice Hotels International, Inc. (hereinafter "Choice Hotels" or "Plaintiff") is a Delaware corporation, licensed to conduct business in the State of Texas, and has a principal place of business at 10750 Columbia Pike, Silver Spring, Maryland.

2. Upon information and belief, Defendant Goldmark Hospitality, LLC, is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 1755 Wittington Place, Suite 340, Dallas, Texas 75234, and whose registered agent for service is Vance McMurray, 2912 Whitemarsh Circle, Richardson, Texas 75080.

3. Upon information and belief, Defendants regularly conduct business activity, and/or at all relevant times conducted business activity, in this state and district, including but

not limited to, *inter alia*, engaging in the provision of hotel/motel services at 13636 Goldmark Drive, Dallas, Texas 75240.

4. Upon information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and, in doing the things herein alleged, was acting within the course and scope of such agency, and with the permission and the consent of its Co-Defendants.

5. Upon information and belief each of the Defendants designated herein as a DOE is or was responsible in some manner for the happenings and events hereinafter alleged and/or otherwise caused the losses and/or damages as herein alleged. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Upon information and belief, the identities of these DOE defendants do not impact this court's jurisdiction.

## JURISDICTION AND VENUE

6. This Court has both diversity and federal question jurisdiction over this case.

7. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

8. This Court has original jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

9. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

10. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

11. Upon information and belief, each of the Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## CHOICE HOTELS AND THE QUALITY FAMILY OF MARKS

13. Choice Hotels is in the business of franchising hotels.

14. Choice Hotels can trace its roots to the 1930's when it was comprised of a small chain of roadside hotels. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

15. Choice Hotels is now a publically traded company with approximately 6,000 franchised hotels.

16. Choice Hotels offers high value, mid-priced, hotel and motel services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

17. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of QUALITY® marks since at least as early as 1939.

18. Choice Hotels is the owner of several United States Trademark Registrations for its QUALITY family of marks, as is defined herein below.

19. Choice Hotels is the owner of United States Trademark Registration No. 0,886,881 (hereinafter "the '881 Registration") for the mark QUALITY. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 1</u>, and incorporated herein by this reference. The '881 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

20. Choice Hotels is the owner of United States Trademark Registration No. 1,050,372 (hereinafter "the '372 Registration") for the mark QUALITY. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 2</u>, and incorporated herein by

this reference. The '372 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21. Choice Hotels is the owner of United States Trademark Registration No. 1,183,294 (hereinafter "the '294 Registration") for the mark QUALITY INN. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 3</u>, and incorporated herein by this reference. The '294 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

22. Choice Hotels is the owner of United States Trademark Registration No. 1,534,820 (hereinafter "the '820 Registration") for the mark QUALITY HOTEL. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 4</u>, and incorporated herein by this reference. The '820 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23. Choice Hotels is the owner of United States Trademark Registration No. 1,699,581 (hereinafter "the '581 Registration") for the mark QUALITY SUITES. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 5</u>, and incorporated herein by this reference. The '581 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24. Choice Hotels is the owner of United States Trademark Registration No. 1,769,488 (hereinafter "the '488 Registration") for the mark QUALITY RESORT. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 6</u>, and incorporated herein by this reference. The '488 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25. Choice Hotels is the owner of United States Trademark Registration No. 2,729,999 (hereinafter "the '999 Registration") for the mark Q QUALITY INN + Design. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 7</u>, and incorporated herein by this reference. The '999 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

26. Choice Hotels is the owner of United States Trademark Registration No. 2,946,054 (hereinafter "the '054 Registration") for the mark Q QUALITY + Design. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8, and incorporated herein by this reference. The '054 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

27. Choice Hotels is the owner of United States Trademark Registration No. 3,448,436 (hereinafter "the '436 Registration") for the mark QUALITY INN & SUITES. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 9, and incorporated herein by this reference.

28. Choice Hotels is the owner of United States Trademark Registration No. 3,448,437 (hereinafter "the '437 Registration") for the mark Q QUALITY INN & SUITES + Design. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 10, and incorporated herein by this reference.

29. Choice Hotels is the owner of United States Trademark Registration No. 3,053,888 (hereinafter "the '888 Registration") for the mark QUALITY SUITES. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 11, and incorporated herein by this reference. The '888 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

30. Choice Hotels is the owner of United States Trademark Registration No. 2,732,875 (hereinafter "the '875 Registration") for the mark Q QUALITY SUITES + Design. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 12, and incorporated herein by this reference. The '875 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

31. Choice Hotels is the owner of United States Trademark Registration No. 3,435,885 (hereinafter "the '885 Registration") for the mark Q QUALITY + Design. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 13, and incorporated herein by this reference.

32. Choice Hotels is the owner of United States Trademark Registration No. 3,569,789 (hereinafter "the '789 Registration") for the mark Q QUALITY HOTEL + Design. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 14</u>, and incorporated herein by this reference.

33. Choice Hotels is the owner of United States Trademark Registration No. 3,837,912 (hereinafter "the '912 Registration") for the mark Q. A true and correct copy of the Certificate of Registration is attached hereto as <u>Exhibit 15</u>, and incorporated herein by this reference.

34. Since the inception of their use, the trademarks described in paragraphs above and corresponding exhibits (hereinafter, collectively, "the QUALITY family of marks"), have been used by Choice Hotels, its predecessors, and franchisees in connection with the provision of the highest value hotel and motel services. Each of the QUALITY family of marks are famous and highly distinctive, and are recognized by the public as identifying Choice Hotel's goods and/or services.

35. Choice Hotels has used the QUALITY family of marks throughout the United States and has heavily advertised and promoted them. These marks have developed and represent valuable, substantial, and exclusive goodwill and reputation inuring to Choice Hotel's benefit. Choice Hotels has always exercised great care, skill, and diligence in maintaining uniform standards of high quality for its goods and services bearing the QUALITY family of marks. The reputation associated with and the goodwill developed in the QUALITY family of marks in the United States are of high value to Choice Hotels.

36. Each registration identified in the QUALITY family of marks, remains active, valid, and enforceable.

## THE CHOICE HOTELS TERMINATION OF THE FRANCHISE AGREEMENT OF THE SUBJECT PROPERTY'S PRIOR OWNER

37. On or about August 31, 2007, Choice Hotels entered into a Franchise Agreement with Kroopa Investment, LLC, and Sunil K. Patel, jointly and severally (collectively referred to herein as "Kroopa"), which permitted Kroopa to operate a

QUALITY SUITES® hotel franchise at 13636 Goldmark Drive, Dallas, Texas 75240 (hereinafter "the Subject Property").

38. The Franchise Agreement specifically and non-exclusively licensed the QUALITY family of marks to Kroopa only for so long as the Franchise Agreement remained in effect.

39. The Franchise Agreement permitted Choice Hotels to terminate the Franchise Agreement for a variety of reasons including, but not limited to, (1) failure of Kroopa to meet its payment obligations; (2) breach of the franchisees' obligations under the Franchise Agreement; and/or, (3) Kroopa's transfer or purported transfer of more than 50% ownership of the Subject Property without prior written consent by Choice Hotels.

40. On or about June 21, 2011, Choice Hotels issued to Kroopa a Notice of Termination of the Franchise Agreement, via certified mail, and thereby did terminate the Franchise Agreement. The termination of the Franchise Agreement necessarily included the termination of the limited license agreement therein.

41. Kroopa did not comply with the requirements set forth by Plaintiff in the Notice of Termination and Plaintiff is informed and believes and based thereon alleges that one or more of the QUALITY family of marks continued to be displayed and used in commerce and without Plaintiff's consent in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, including but not limited to in, around, and for the Subject Property.

42. On or about September 27, 2011, Choice Hotels sent Kroopa a letter via certified mail, reiterating that: (1) the termination of the Franchise Agreement resulted in the termination of Kroopa's license to use any of the QUALITY family of marks; (2) Kroopa was not otherwise granted license or permission the privilege of using any of the QUALITY family of marks; and, (3) any continued unauthorized display and/or use of QUALITY family of marks would be considered trademark infringement.

43.     The September 27, 2011 letter also included Choice Hotels' demand that Kroopa provide written and photographic evidence, no later than October 11, 2011, that it was no longer using the QUALITY family of marks and that such were no longer in use at the Subject Property.

44.     Plaintiff is now informed and believes and based thereon alleges that ownership of the Subject Property transferred from Kroopa to Goldmark Hospitality, LLC ("Goldmark") on or about July 27, 2011.

45.     By letter dated October 11, 2011, Goldmark's registered agent, Vance McMurray, advised Plaintiff that he was responding to Choice Hotels' infringement claim and that "[t]he owners of the hotel are no longer operating as a Quality Suites" but that "I do not have any pictures at this time to forward you."

46.     Plaintiff is informed and believes and based thereon alleges that despite the representations by Mr. McMurray, and the Defendants' knowledge of their unauthorized use of one or more of the QUALITY family of marks, Defendants continued to display and use in commerce and without Plaintiff's consent the QUALITY family of marks in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, including but not limited to in, around, and for the Subject Property.

47.     Photographs taken at the Subject Property on or about October 2011, reflecting Defendants' use of one or more of the QUALITY family of marks, are collectively attached hereto as <u>Exhibit 16</u>.

48.     Plaintiff is informed and believes and based thereon alleges that Goldmark continues to display and use in commerce and without Plaintiff's consent the QUALITY family of marks in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, including but not limited to in, around, and for the Subject Property.

49.     Photographs taken at the Subject Property on or about January 9, 2012, reflecting Defendants' use of one or more of the QUALITY family of marks, are collectively attached hereto as <u>Exhibit 17</u>.

50.     Upon information and belief, Defendants willfully and with full knowledge that they were not authorized to do so, displayed and used in commerce, and continue to display and use in commerce, one or more of the QUALITY family of marks without Plaintiff's consent.

51.     Upon information and belief, Defendants, through correspondence and communications with Choice Hotels, intentionally attempted to mislead and induce Choice Hotels to delay a trademark infringement action.

52.     The display and use of one or more the QUALITY family of marks by Defendants has irreparably damaged, and unless enjoined by this Court will continue to irreparably damage, the value and valuable good will associated with the QUALITY family of marks.

## FIRST CAUSE OF ACTION

### Infringement of Federally Registered Trademark (15 U.S.C. §1114)

### (Against All Defendants)

53.     Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

54.     Choice Hotels is the owner of the QUALITY family of marks which it uses in connection with the provision of hotel and motel services.

55.     Choice Hotels licensed the QUALITY family of marks to Kroopa, non-exclusively and on a limited basis, as part of the Franchise Agreement only, which agreement and license were terminated in or about June 2011.

56.     Goldmark has never been a Choice Hotels franchisee in relation to the Subject Property and has never been authorized to use any of the QUALITY family of marks.

57.     Upon information and belief, despite receiving notice regarding the lack of Plaintiff's authority or consent to any use of the QUALITY family of marks, Defendants continued to use, and do continue to use, one or more of the QUALITY family of marks in

commerce, including at the Subject Property, specifically including but not limited to the '888 Registration and the '875 Registration.

58. Upon information and belief, Defendants had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly, willfully, intentionally, and deliberately used in commerce.

59. Defendants' use of the QUALITY family of marks was and/or is likely to cause confusion, mistake, or deception in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1).

60. The acts of Defendants as described herein constitute infringement and/or contributory infringement of one or more of the QUALITY family of marks.

61. As a direct and proximate cause of the herein-described infringing acts of Defendants, Choice Hotels has been damaged in an amount to be determined at trial, but believed to be in excess of $75,000.00.

62. Choice Hotels is also entitled to recover its damages, the profits of Defendants, and the cost of the action under 15 U.S.C. §1117.

63. In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Defendants' actions, and has no adequate remedy at law with respect to this injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116. The acts of Defendants as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the QUALITY family of marks unless restrained and enjoined by this Court.

64. The acts of Defendants as described herein have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and an award of attorneys' fees in favor of Choice Hotels.

## SECOND CAUSE OF ACTION

### False Designation of Origin (15 U.S.C. §1125(a))

### (Against All Defendants)

65. Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

66. Defendants had actual knowledge of the QUALITY family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly, willfully, intentionally, and deliberately used in commerce such marks.

67. Defendants' use of the QUALITY family of marks was and/or is likely to cause confusion, mistake, or deception in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a).

68. Upon information and belief, Defendants used, and continue to use, one or more of the marks in the QUALITY family of marks in commerce, specifically including but not limited to the '888 Registration and the '875 Registration.

69. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Defendants, or as to the source, origin, sponsorship, or approval of the services or commercial activities of the Defendants by Choice Hotels.

70. As a direct and proximate cause of Defendants' acts, as described herein, Choice Hotels has been damaged in an amount to be determined at trial, but believed to be in excess of $75,000.00.

71. Choice Hotels is also entitled to recover its damages, the profits of Defendants, and the cost of the action under 15 U.S.C. §1117.

72. In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Defendants' actions, and has no adequate remedy at law with respect to this injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116. The

acts of Defendants, as described herein, have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the QUALITY family of marks unless restrained and enjoined by this Court.

73. The acts of Defendants, as described herein, have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and an award of attorneys' fees in favor of Choice Hotels.

## THIRD CAUSE OF ACTION

### Texas Common Law Trademark Infringement

### (Against All Defendants)

74. Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

75. Defendants have used, and upon information and belief continue to use, the QUALITY family of marks at the Subject Property in connection with the sale, offering for sale, and advertising of hotel and motel services, which is likely to deceive or cause confusion or mistake as to the source or origin of the services; therefore, Defendants' acts constitute infringement under the Texas Trademark Act. TEX. BUS. & COM. CODE § 16.26(a)(1)

76. The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court. The acts of Defendants, as described herein, have furthermore been and continue to be knowing, intentional, wanton, willful, malicious, and oppressive, and based on information and belief have resulted from fraud, malice or gross negligence.

## FOURTH CLAIM FOR RELIEF

### Texas Common Law Unfair Competition

### (Against All Defendants)

77. Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

78. Defendants have used, and upon information and belief continue to use, the QUALITY family of marks in commerce in connection with the provision of hotel and motel services at the Subject Property. Defendants' use was intended to mislead the public and lead to confusion and mistake. Defendants' actions constitute unfair competition under the common law of Texas.

79. The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial, and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court. The acts of Defendants, as described herein, have furthermore been and continue to be knowing, intentional, wanton, willful, malicious, and oppressive and based on information and belief have resulted from fraud, malice or gross negligence.

## PRAYER FOR RELIEF

**WHEREFORE**, Choice Hotels requests that this Court enter judgment in its favor, and against Defendants, and each of them, including orders as follows:

A. That Defendants have each and all infringed, and/or contributorily infringed, and/or induced the infringement of one or more of the marks in the QUALITY family of marks, including but not necessarily limited to, the marks appearing in: the '881 Registration; the '372 Registration; the '294 Registration; the '820 Registration; the '488 Registration; the '999 Registration; the '436 Registration; the '437 Registration; the '054 Registration; the '888 Registration; the '875 Registration; the '789 Registration, the '581 Registration, the '912

Registration, and the '885 Registration; and any mark(s) confusingly similar thereto or derivative thereof;

      B.    That Defendants, jointly and severally, along with their agents, employees, servants, representatives, and attorneys, and all those in active concert or participation with them, be preliminarily, permanently, and forever enjoined from using any of the marks in the QUALITY family of marks, including but not necessarily limited to, the marks appearing in: the '881 Registration; the '372 Registration; the '294 Registration; the '820 Registration; the '488 Registration; the '999 Registration; the '436 Registration; the '437 Registration; the '054 Registration; the '888 Registration; the '875 Registration; the '789 Registration, the '581 Registration, the '912 Registration, and the '885 Registration; and any mark(s) confusingly similar thereto or derivative thereof;

      C.    Directing an accounting of profits and damages resulting from Defendants' trademark infringement;

      D.    That Choice Hotels be awarded judgment for damages against Defendants, jointly and severally, resulting from violation of Section 32 of the Lanham Act (15 U.S.C. §1114) and Section 43 of the Lanham Act (15 U.S.C. §1125(a)) respectively, for an amount exceeding the jurisdiction limits of this Court, including:

          1)    all profits received by Defendants as a result of their acts of infringement, false designation of origin, and dilution, and other actions complained of herein;

          2)    all damages sustained by Choice Hotels as a result of Defendants acts of infringement, false designation of origin, and dilution, and other actions complained of herein, including but not limited to lost profits, loss of goodwill, and actual damages;

          3)    the trebling and increase of the damages described above, to three times the amount awarded, in view of Defendants' knowing, intentional, wanton, and willful infringement; and,

    4)  in light of the deliberate and willful actions of Defendants, the designation of this action an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and expenses incurred by Choice Hotels in this action, pursuant to 15 U.S.C. § 1117, and an award of such relief;

  E. Injunctive relief as a result of Defendants' acts of trademark infringement, unfair competition and false designation of origin, including but not limited to an order requiring Defendants to remove any and all of the QUALITY family of marks from their premises, property, and business operations.

  F. That Choice Hotels be awarded judgment for money damages against Defendants, jointly and severally, for an amount exceeding the jurisdiction limits of this Court, for its Texas common law trademark infringement and unfair competition claims, including:

    1)  all damages resulting from Defendants' acts of infringement pursuant to TEX. BUS. & COM. CODE § 16.26; and

    2)  all damages sustained by Choice Hotels as a result of Defendants' acts of infringement, false designation of origin, and dilution, and other actions complained of herein, including but not limited to lost profits, loss of goodwill, loss of royalties, unjust enrichment, and actual damages;

  G. That exemplary damages be awarded against Defendants and in favor of Plaintiff;

  H. That Choice Hotels be awarded its attorneys' fees, costs, and expenses of suit; and

  I. That this Court award to Choice Hotels any and all other relief not here enumerated that this Court should deem just, equitable, and/or proper.

## DEMAND FOR JURY TRIAL

  Plaintiff Choice Hotels hereby demands a jury trial on all issues as to which a jury is available, as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 22, 2012.

Respectfully submitted,

**GORDON & REES LLP**

By: /s/ Mary Goodrich Nix
    **MARY GOODRICH NIX**
    Texas State Bar No. 24002694
    mnix@gordonrees.com
    **ATTORNEY IN CHARGE**

    **KELLY GANZBERGER**
    Texas State Bar No. 24065264
    kganzberger@gordonrees.com

    2100 Ross Avenue, Suite 2800
    Dallas, Texas 75201
    Telephone: 214.231.4660
    Facsimile: 214.461.4053

**ATTORNEYS FOR PLAINTIFF CHOICE HOTELS INTERNATIONAL, INC.**