IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHOICE HOTELS INTERNATIONAL, §
INC., §
§
Plaintiff, §
§ Civil Action No. 3:12-CV-0548-D
VS. §
§
GOLDMARK HOSPITALITY, LLC, §
et al., §
§
Defendants. §

MEMORANDUM OPINION
AND ORDER

Defendant Goldmark Hospitality, LLC ("Goldmark") moves to amend the scheduling

order[1] and to compel the deposition of Byron Bean ("Bean") beyond the discovery deadline.[2]

For the reasons that follow, the court denies the motions.

I

On May 22, 2012 the court entered the scheduling order in this case. Pertinent to

Goldmark's motion to amend the scheduling order, the court set June 24, 2013 as the

deadline to complete discovery and July 15, 2013 as the deadline to file a motion for

summary judgment. Plaintiff Choice Hotels International, Inc. ("Choice Hotels") served Fed.

---

[1]Goldmark also moved in the same motion to continue the trial. This aspect of the motion was mooted by the court's November 6, 2013 order resetting the trial to the two-week docket of March 17, 2014.

[2]Goldmark filed the motion to compel as an emergency motion. In a November 6, 2013 order, however, the court determined that the motion would be decided under the normal briefing deadlines because the court had continued the trial.

R. Civ. P. 26(a) disclosures on May 21, 2012 that identified Bean as possessing information that Choice Hotels would potentially rely on in this case.

On June 13, 2013 Goldmark's counsel moved to withdraw. The court granted the motion the same day, ordering Goldmark to obtain and cause new counsel to enter a written appearance within 30 days. On June 14, 2013 Choice Hotels moved for a 60-day extension of the discovery, expert witness, and summary judgment deadlines based on delays caused by the withdrawal of Goldmark's counsel. The court granted the motion, extending the discovery deadline to August 23, 2013 and the deadline for filing a summary judgment motion to September 13, 2013. On June 26, 2013 Choice Hotels filed its expert witness designations, listing Bean as a non-retained employee expert witness.

On July 12, 2013 Goldmark's new counsel filed a notice of appearance. One week later, Choice Hotels served Goldmark's new counsel with courtesy copies of its amended Rule 26(a) initial disclosures, expert witness designations, and amended responses to requests for production of documents. Later that month, Goldmark's counsel contacted Choice Hotels' counsel to inquire whether the parties could agree to a second amended scheduling order. Choice Hotels responded that it would not agree to an extension of the deadlines for completing discovery and for filing summary judgment motions.

On August 12, 2013 Choice Hotels served a second notice of intent to take the oral deposition of Goldmark's Rule 30(b)(6) representative, Tim Barton ("Barton"). The notice set the deposition for August 22, 2013—one day before the August 23, 2013 amended discovery deadline. Shortly thereafter, Choice Hotels subpoenaed Barton for his deposition

in his individual capacity, to be taken immediately following Barton's Rule 30(b)(6) deposition. Choice Hotels agreed to reschedule the deposition when Goldmark gave notice that Barton would be unavailable on August 22. Because the rescheduled deposition would necessarily be conducted after the August 23 discovery deadline, Choice Hotels filed an unopposed motion to conduct the deposition, which the court granted. The order required that the deposition occur on a mutually agreeable date no later than September 11, 2013, and it specified that the discovery deadline remained August 23, 2013. On August 27, 2013 Goldmark again asked Choice Hotels to agree to an amended scheduling order, but it refused. Goldmark then stated that Barton would be unavailable on the date that had been proposed for the rescheduled deposition and that the parties would "have no choice but to request an additional scheduling order." P. App. Amend 19.

Choice Hotels then moved to compel the deposition of Barton, which the magistrate judge granted. The deposition began on October 29, 2013 and was continued on November 6, 2013.

Goldmark did not serve a notice of deposition for Bean until September 3, 2013. Goldmark's counsel sent the notice by email. Choice Hotels moved to quash the deposition on the grounds that (1) the discovery deadline had expired; (2) the notice did not describe with reasonable particularity the matters for examination, as required by Rule 30(b)(6); (3) the notice only gave Bean three days' notice for the deposition; (4) Bean was not available on the date specified in the notice; and (5) Choice Hotels had not consented to service by

electronic means.[3]  The magistrate judge granted the motion without prejudice, noting that Goldmark would be able to re-notice the deposition if the court later extended the deadline for conducting discovery or for deposing Bean.

During the continuation of Barton's deposition on November 6, 2013, Goldmark's counsel personally served Choice Hotels' counsel a new notice of deposition for Bean.  On the same day, Goldmark filed its motion to compel the deposition of Bean, even though the deadline for completing discovery had expired more than ten weeks earlier.

## II

Fed. R. Civ. P. 16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has passed.  *Cartier v. Egana of Switzerland (Am.) Corp.*, 2009 WL 614820, at *2 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.).  To modify the scheduling order, a party must demonstrate good cause and obtain the judge's consent. *Id.*  The good cause standard "require[s] the movant 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"  *Puig v. Citibank, N.A.*, 514 Fed. Appx. 483, 487-88 (5th Cir. 2013) (per curiam) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  "In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3)

---

[3]Earlier in the litigation, Goldmark moved to quash some of Choice Hotels' deposition notices because Goldmark had not consented to service by electronic means.  The court granted the motions.

- 4 -

potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier*, 2009 WL 614820, at *3 (citing *S&W Enters.*, 315 F.3d at 536).  The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

III

The court first addresses Goldmark's motion to amend the scheduling order.

A

Rather than suggest specific deadlines, Goldmark requests that the court extend the deadlines for completing "discovery and [filing] dispositive motions . . . at the Court's discretion." D. Mot. Amend 7.  Goldmark argues that this relief is warranted because its new counsel lacked a sufficient opportunity to conduct discovery and because Choice Hotels has refused to reciprocate Goldmark's willingness to cooperate with opposing counsel.

Choice Hotels opposes the motion, contending that Goldmark has failed to demonstrate good cause to amend the scheduling order.  It argues that the substitution of counsel is not of itself sufficient to demonstrate good cause, and, even if it were, that the court's prior extension of the deadlines for completing discovery and filing summary judgment motions is sufficient to cure any prejudice to Goldmark by the replacement of its counsel.  Choice Hotels also argues that re-opening discovery would be prejudicial to it because it has already moved for summary judgment.  It also maintains that the discovery Goldmark seeks is irrelevant, that Goldmark mischaracterizes Choice Hotels' efforts to

cooperate during discovery, and that Goldmark's motion is procedurally defective because it is not signed by Goldmark.[4]

B

Goldmark neither identifies the correct standard nor cites Rule 16(b)(4) in its brief, but the grounds on which it relies enable the court to apply the pertinent four-factor test.

1

The court first considers Goldmark's explanation.  Goldmark argues that the scheduling order should be amended because its new counsel had only a few weeks to complete discovery after entering the case.  The court finds Goldmark's explanation for its failure to comply with the discovery deadlines to be inadequate.

First, absent special circumstances not present here, Goldmark cannot rely on a change of its own counsel to delay this litigation.[5]  Choice Hotels filed this lawsuit on February 22, 2012.  Goldmark's attorney did not move to withdraw until June 13, 2013.  By then, the deadlines for completing discovery and for filing a summary judgment motion had already been established.  Regardless of the fact that Goldmark opted to change counsel, it was obligated to comply with deadlines in effect at the time of the change.

---

[4]N.D. Tex. Civ. R. 40.1 requires that "[a] motion for continuance of a trial setting must be signed by the moving party as well as by the party's attorney of record."  The court continued the trial *sua sponte*.  And this requirement does not apply to Goldmark's motion to amend the scheduling order.

[5]An example of a special circumstance would be counsel's unexpected withdrawal for health reasons.

- 6 -

Second, the court disagrees with Goldmark's assertion that it only had a few weeks to complete discovery.  In fact, the court amended the scheduling order, extending the deadline to complete discovery from June 24, 2013 to August 23, 2013, which gave Goldmark an additional 60 days to complete discovery.  And even if the court considers only the time between the date Goldmark's current counsel entered an appearance (July 12, 2013) and the extended discovery deadline (August 23, 2013),[6] Goldmark's counsel still had more than 40 days to complete discovery.  In that time, Goldmark failed to notice any depositions or serve any subpoenas.[7]

Third, Goldmark maintains that Choice Hotels has repeatedly frustrated the discovery process, suggesting that Choice Hotels is responsible for Goldmark's failure to complete discovery by the August 23, 2013 deadline.  But Goldmark has not demonstrated why Choice Hotels is responsible for Goldmark's failure to conduct the discovery it now seeks.  Indeed, most of Goldmark's motion focuses on the parties' failure to agree on a date for Barton's deposition—a deposition that *Choice Hotels*, not Goldmark, requested.  Goldmark's failure to produce Barton for deposition by the discovery deadline does not justify amending the scheduling order.  Choice Hotels timely served a second notice of intent to take the

_____

[6]Goldmark notes that its current counsel, Jules P. Slim, Esquire ("Slim"), did not become involved in the case until after the court amended the scheduling order.  Although the court amended the scheduling order on July 10, 2013, before Slim entered an appearance on July 12, 2013, the extended deadline gave Goldmark sufficient time to complete discovery.

[7]Choice Hotels makes this assertion in its response brief.  Goldmark has not filed a reply brief that challenges this assertion.

deposition of Barton (in his capacity as Goldmark's Rule 30(b)(6) representative and in his individual capacity). Choice Hotels asked for, and received, the court's explicit authorization to conduct the deposition after the August 23, 2013 deadline because Goldmark had represented that Barton would be unavailable before August 23, 2013. The court's August 21, 2013 order specifically noted that, although it was allowing the deposition of Barton beyond the deadline, it was not extending the discovery deadline generally. Goldmark has failed to explain adequately why this deadline could not reasonably have been met and that it acted diligently.

2

The next factor is the importance of the requested relief. Because Goldmark has not briefed its motion under the Rule 16(b)(4) good cause standard, it makes no attempt to show that the relief is important. It does, however, argue that the requested discovery is relevant because the information "go[es] directly to the value of Plaintiff's mark and marketability at the subject hotel," and, as a result, relates to Choice Hotels' damages claims. D. Mot. Amend 2. Choice Hotels responds that the requested discovery is not relevant to any of the issues in the case, but it does not specifically challenge Goldmark's assertion that the discovery is relevant at least to damages. The court will assume *arguendo* that the discovery Goldmark seeks is relevant and important in the sense that it may yield information that Goldmark needs to challenge Choice Hotels' damages claims.

Goldmark also asserts that it needs time to file a summary judgment motion because it is unlikely that Choice Hotels will be able to defend its mark or prove damages. Choice

Hotels contests Goldmark's assertion that all or a large part of the case can be resolved by summary judgment.

The court holds that Goldmark's conclusory assertion that it will prevail on a summary judgment motion is an insufficient basis for finding that the requested relief—an extension of the deadline for filing dispositive motions—is important.

3

The court next considers together the potential prejudice to Choice Hotels in granting the requested relief and the availability of a continuance to cure such prejudice.

Choice Hotels argues that re-opening discovery will cause it prejudice because it has already filed a summary judgment motion, and it did so based on the evidence of record at the close of discovery.  In Goldmark's motion, it does not consider potential prejudice to Choice Hotels, and because it has not filed a reply brief, it does not address Choice Hotels' argument.  Although the court notes that re-opening discovery after the filing of a summary judgment motion does not generally cause the same level of prejudice as allowing the amendment of pleadings after a party has filed a summary judgment motion, *see, e.g., Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *2-3 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.),[8] it is still nevertheless a source of potential prejudice because it could precipitate a costly second round of briefing and delay the resolution of this lawsuit.  A continuance would not cure this potential prejudice to Choice Hotels; instead, it could

---

[8]In fact, discovery is explicitly contemplated in certain circumstances by Rule 56(d).

- 9 -

exacerbate the potential for prejudice.

4

Assessing the four factors holistically, the court holds that Goldmark has failed to demonstrate good cause to amend the scheduling order, and it denies the motion.

IV

The court now considers Goldmark's motion to compel the deposition of Bean past the discovery deadline, and it denies the motion as untimely.

Goldmark filed the motion more than ten weeks after the discovery deadline expired. Additionally, Goldmark's first notice of deposition was untimely because it was served more than one week after the same deadline. Tardiness is a sufficient reason to deny a motion to compel. *See, e.g., Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (Ramirez, J.) (collecting cases). But even if it were not, Goldmark has failed to explain adequately the reason for its tardiness. Goldmark's motion does not address the timeliness objection directly; instead, it merely reiterates the same arguments it makes in support of its motion to amend the scheduling order. In particular, it does not explain why it failed to notice the deposition for Bean or serve a subpoena before the August 23, 2013 deadline.[9]   And because it has not filed a reply brief, it does not address the other

_____

[9]This decision is not inconsistent with the court's earlier order granting Choice Hotels' motion to seek leave to depose Barton beyond the discovery deadline. Choice Hotels had timely served deposition notices and was compelled to reschedule when Goldmark's counsel represented that Barton was unavailable before the August 23, 2013 discovery deadline. Choice Hotels timely filed its motion on August 20, 2013. Here, Goldmark did not timely serve its deposition notice for Bean and did not timely file its motion to compel. It also failed

deficiencies that Choice Hotels identifies in its response brief.

\* \* \*

For the reasons explained, the court denies Goldmark's September 11, 2013 motion for modified scheduling order and its November 6, 2013 motion to compel deposition of Bean beyond discovery deadline.

**SO ORDERED.**

January 9, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

to offer an adequate explanation for its failure to do either.