IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHOICE HOTELS INTERNATIONAL, §
INC., §
 §
Plaintiff, §
 § Civil Action No. 3:12-CV-0548-D
VS. §
 §
GOLDMARK HOSPITALITY, LLC, §
et al., §
 §
Defendants. §

MEMORANDUM OPINION
AND ORDER

Defendant Goldmark Hospitality, LLC ("Goldmark") moves to set aside the court's

January 9, 2014 memorandum opinion and order denying Goldmark's motion for modified

scheduling order and motion to compel deposition beyond discovery deadline. For the

reasons explained, the court denies the motion.[1]

I

On November 6, 2013 the court directed that lead counsel for plaintiff Choice Hotels

International, Inc. ("Choice Hotels") and Goldmark meet in person and attempt in good faith

to resolve Goldmark's then-pending motion to compel the deposition of Byron Bean

("Bean") beyond the discovery deadline. The court ordered that the meeting occur no later

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

than November 15, 2013, unless the deadline was extended by agreement of the parties or by the court for cause. The court also ordered the parties to advise the court by joint written submission whether the motion had been resolved, or, if it had not, what part of the dispute remained. *See Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, No. 3:12-CV-0548-D, Order 1 (N.D. Tex. Nov. 6, 2013) (Fitzwater, C.J.). By the time the court decided Goldmark's motions on January 9, 2014—nearly two months after the meet-and-confer deadline established by the court—neither party had advised the court that the parties had met or had resolved any part of the discovery dispute. Goldmark now moves the court to set aside its memorandum opinion and order.[2] Choice Hotels opposes the motion.

II

"Because the court's interlocutory discovery decision did not result in a final judgment, Fed. R. Civ. P. 54(b) governs whether the court reconsiders its ruling." *SEC v. Cuban*, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (citing *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F.Supp.2d 550, 553 (N.D. Tex. 2009) (Means, J.)). The court

---

[2]Goldmark's motion is styled as a motion to set aside the entirety of the court's January 9, 2014 memorandum opinion and order, which denied two distinct motions: Goldmark's September 11, 2013 motion to modify the scheduling order, and Goldmark's November 6, 2013 motion to take the deposition of Bean beyond the discovery deadline. Goldmark does not assert, however, that the parties reached any agreement as to a modified scheduling order, and it raises no other basis to disturb that aspect of the court's January 9, 2014 decision.

Goldmark filed the motion to set aside as an "emergency" motion. In a January 27, 2014 order, the court determined that the motion would be decided under the normal briefing deadlines because Goldmark had not identified a sufficient reason to deviate from the normal schedule.

"possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Colli v. S. Methodist Univ.*, 2011 WL 3524403, at *1 (N.D. Tex. Feb. 14, 2011) (Solis, J.) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981)) (internal quotation marks omitted). "Such a motion requires the court to determine 'whether reconsideration is necessary under the relevant circumstances.'" *Brown v. Wichita Cnty., Tex.*, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (quoting *Judicial Watch v. Dep't of the Army*, 466 F.Supp.2d 112, 123 (D.D.C. 2006)).

This court has explained that "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Reneker v. Offill*, 2012 WL 3599231, at *1 n.1 (N.D. Tex. Aug. 22, 2012) (Fitzwater, C.J.) (quoting *Arrieta v. Yellow Transp., Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater C.J.)). "Such motions are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.* (quoting *Arrieta*, 2009 WL 129731, at * 1). The decision "whether to grant such a motion [for reconsideration] rests within the discretion of the court." *Colli*, 2011 WL 3524403, at *1 (citation omitted).

### III

### A

Goldmark argues that the court should set aside its January 9, 2014 memorandum opinion and order—which denied Goldmark's requests to modify the scheduling order and

to take Bean's deposition past the discovery deadline—because before the court filed its decision, the parties had reached an agreement that enabled Goldmark to take Bean's deposition.  According to Goldmark, the agreement was reached on December 23, 2013.[3] Choice Hotels responds that the parties had not reached a final agreement before the court issued its decision.

In its motion, Goldmark characterizes the "agreement" this way:

> The parties essentially agreed that both Mr. Barton and Mr. Bean would be deposed in both expert and corporate representative capacities, particularly if [Goldmark's counsel's] supplemental FRCP 30(b)(6) designation fit Mr. Bean's field of knowledge.  As such, [Goldmark's counsel] was requested to send a draft corporate representative deposition notice to [Choice Hotels' counsel] for inquiry as to Mr. Bean's qualification to be so designated.  Nonetheless, Goldmark would unconditionally be allowed to depose Mr. Bean as an expert via teleconference.

D. Mot. 6.  Choice Hotels disputes this characterization, maintaining that the "agreement" was not unconditional.  It argues that it was only willing to produce Bean in his expert capacity on the condition that Goldmark make Tim Barton ("Barton") available for deposition on a specific date, and that it would only agree to produce Bean in his capacity as Choice Hotels' corporate representative on the condition that Choice Hotels' counsel first be given an opportunity to review Goldmark's supplemental Fed. R. Civ. P. 30(b)(6) designations.  Choice Hotels contends that, even by the date of the court's decision, the

---

[3]Choice Hotels asserts that the meeting took place on December 26, 2013.  Whether the meeting occurred on December 23 or December 26 is immaterial to the court's decision.

parties were still negotiating material details of the so-called agreement, including the date for Barton's deposition and the Rule 30(b)(6) topics to be covered.

B

The court concludes that Goldmark has failed to demonstrate that the parties reached a final agreement before the court issued its January 9, 2014 memorandum opinion and order. Goldmark relies on an email in which Goldmark's counsel describes his understanding of the agreement allegedly reached on December 23, 2013. *See* D. Ex. 2 at 11.[4] Goldmark does not present a response from Choice Hotels confirming this understanding or otherwise memorializing the agreement. Although it does appear from the record that the parties exchanged emails during December 2013 and early January 2014 regarding the possibility of resolving the ongoing discovery dispute, the emails do not establish that the parties reached a final agreement. Even the email on which Goldmark relies, which is essentially Goldmark's unilateral characterization of the alleged agreement, indicates that Choice Hotels intended to review the Rule 30(b)(6) topics before agreeing to provide Bean for deposition in his corporate capacity. And the email does not specify a date for the deposition of Barton in his expert capacity. Choice Hotels argues that there was never any final agreement between the parties because these details were material. According to Choice Hotels, it insisted on an opportunity to review the Rule 30(b)(6) topics before agreeing to provide Bean for deposition in his capacity as corporate representative because it wanted to be sure that

---

[4]The court cites the appendix in this manner because Goldmark did not paginate it as N.D. Tex. Civ. R. 7.1(i)(4) requires.

Bean was the correct designee for the topics.[5]  And it insisted on a firm date for Barton's deposition before agreeing to provide Bean for deposition in his expert capacity because, in Choice Hotels' view, Barton had been elusive, previously agreeing to appear for deposition but canceling at the last minute.  *See Choice Hotels Int'l, Inc. v. Goldmark Hospitality, LLC*, 2014 WL 80722, at *1, *3 (N.D. Tex. Jan. 9, 2014) (Fitzwater, C.J.) (describing Goldmark's failure to produce Barton for deposition by discovery deadline).[6]  As far as the court can determine from the record, no date for Barton's deposition had been set before the court filed its January 9, 2014 decision.[7]  And, of course, Goldmark did not notify the court of the parties' ongoing negotiations or its belief that an agreement had been reached at any point before the court issued its memorandum opinion and order.  Because Goldmark has failed to demonstrate the existence of a final agreement between the parties before the court filed

---

[5]Goldmark implicitly concedes this point when it attempts to explain why it did not notify the court that an agreement had been reached after the December 23 meeting: "A joint submission of agreement was premature because the matter of Mr. Bean being qualified to testify as Choice Hotels' corporate representative had not yet been resolved."  D. Mot. 7.

[6]By analogy, courts generally enforce settlement agreements where the parties have reached agreement on the essential terms of the settlement, even if they have left some details for counsel to work out during subsequent discussions.  *See, e.g., Sheng v. Starkey Labs., Inc.*, 117 F.3d 1081, 1083 (8th Cir. 1997).  Where the agreement pertains to taking a deposition, the specific date of the deposition might not be considered an essential term where the parties have resolved the other details and are awaiting the selection of a mutually agreeable date.  But in this case, the specific date for the Barton deposition *was* material, because Goldmark had previously failed to produce Barton on an agreed-upon date, prompting Choice Hotels to seek leave to depose him after the discovery deadline had expired.

[7]In fact, Goldmark does not specify a date for the Barton deposition even in the present motion.

its memorandum opinion and order on January 9, 2014, the court concludes that Goldmark has failed to present any factual or legal basis to set aside that decision.

\*   \*   \*

Accordingly, for the reasons explained, Goldmark's January 10, 2014 motion to set aside order denying motion to compel deposition of Byron Bean and to take notice of agreements regarding same is denied.

**SO ORDERED.**

February 19, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE